SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vincent Garcia, | No. CV 1-06-01822-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Ken Clark, et al., | |
| Defendants. | |

This case was reassigned to the undersigned judge on November 24, 2008. (Doc.# 9.)[1] Plaintiff Vincent Garcia, who is confined in the Kern Valley State Prison in Delano, California, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc.# 1.) The Court will order Defendants Wilson and Galindo to answer Plaintiff's claim for excessive force in the Complaint and will dismiss the remaining claim and Defendants Clark and Cummings without prejudice.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

---

[1] "Doc.#" refers to the docket number of filings in this case.

JDDL

1  claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
2  be granted, or that seek monetary relief from a defendant who is immune from such relief.
3  28 U.S.C. § 1915A(b)(1), (2).

4  **II.     Complaint**

5  Plaintiff alleges two claims for excessive force and threats to his safety in violation
6  of his Eighth Amendment rights while he was confined at the Corcoran Substance Abuse
7  Treatment Facility (CSATF).  Plaintiff sues CSATF Warden Ken Clark and CSATF
8  correction officers W. Wilson, A. Galindo, and R. Cummings.  Plaintiff seeks injunctive,
9  compensatory, and punitive relief.

10  Plaintiff alleges the following facts in his Complaint: On April 3, 2006, Plaintiff sent
11  a letter to Warden Clark expressing fear of retaliation by officers because he witnessed an
12  officer assault another inmate. (Doc.# 1 at 7.) Plaintiff sent further letters to Clark on May
13  22, June 6, and June 8, 2006, and received responses. (Id.) The last letter concerned an
14  alleged assault of Plaintiff on June 3, 2006, which is described below. (Id.) Plaintiff also
15  sent letters to outside officials regarding the April 3 assault.

16  On June 3, 2006, Plaintiff was lead porter in the day room. Defendant Cummings was
17  in the gun tower for Plaintiff's housing unit watching a DVD and talking on a cell phone,
18  although not permitted. Plaintiff repeatedly attempted to get Cummings' attention to open
19  his cell door, but Cummings did not do so. Plaintiff threatened to write up Cummings for
20  watching the DVD and using the cell phone. (Id. at 7-8.) Cummings told Plaintiff to "go
21  home" and lock up and called him a "rat." (Id. at 8.) As Plaintiff walked away, Cummings
22  told Plaintiff to get a job change. (Id.) Because Plaintiff was the lead porter, he did not "go
23  home" but walked around the day room. (Id.)

24  Defendant Galindo called Plaintiff into his office with Defendant Wilson. Galindo
25  told Plaintiff that Cummings had told him to "go home." (Id.) Plaintiff balked and asked to
26  see a sergeant or lieutenant. (Id.) Galindo shook a can of pepper spray at Plaintiff, and
27  Wilson told Plaintiff to "go home" but also grabbed Plaintiff's arm. (Id.) Plaintiff demanded
28  Wilson get his hands off of him because he was hurting him. (Id.) Wilson again told

JDDL                                    - 2 -

1 Plaintiff to "go home" but Plaintiff refused again asking to see a sergeant or lieutenant. (Id.)
2 Wilson agreed and Plaintiff turned around to be cuffed, but Galindo sprayed him in the face
3 with the pepper spray. (Id.) Wilson then punched Plaintiff repeatedly in the face. (Id. at 9.)
4 Wilson grabbed Plaintiff by the neck and got him to the floor causing Plaintiff to hit his hand
5 on a desk. (Id.) While Plaintiff was cuffed on the floor, Galindo kicked Plaintiff in the side
6 and face.[2] (Id.) Plaintiff was taken to a program holding cage where he was left standing for
7 several hours, although officers knew that Plaintiff had an artificial knee and bad back. (Id.
8 at 10.) Plaintiff was charged with a disciplinary violation for battery on a peace officer. (Id.)

**III.    Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). Further, a plaintiff must also allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

**A.    Threats to Safety**

Plaintiff alleges a claim for failure to protect/threats to his safety. Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). To state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to his safety. Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (*en banc*). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of,

---

[2] Plaintiff alleges that the cuffs were too tight, but the officers refused to loosen them. He also alleges that there are photos and a videotape documenting his injuries.

but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1442.

Plaintiff alleges that he sent several letters to Warden Clark expressing fear of retaliation from officers because he witnessed an officer assault an inmate in April, 2006. Plaintiff does not allege facts to support that any of the Defendant officers was involved in that incident or that any of them had any knowledge of the incident. Plaintiff otherwise fails to set forth any facts to support that he was incarcerated under conditions posing a substantial risk of harm or that Clark or anyone else acted with deliberate indifference to such risk. Plaintiff therefore fails to state a claim for failure to protect or threats to safety.

**B.     Warden Clark**

Plaintiff names Warden Clark as a Defendant. Plaintiff fails, however, to connect Clark to any alleged constitutional violation. A defendant is liable only if he "play[ed] an affirmative part in the alleged deprivation of constitutional rights." King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987). In a defendant's individual capacity, this means that a plaintiff "must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). In a defendant's official capacity, this means that a plaintiff must set forth facts to support that a defendant either created or acted pursuant to an official policy or custom that caused the plaintiff's constitutional injury. See Berry v. Baca, 379 F.3d 764, 767 (9th Cir. 2004) (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). Because there is no *respondeat superior* liability under § 1983, a defendant's position as the supervisor of a person who allegedly violated a plaintiff's constitutional rights does not impose liability on the supervisor. See Monell, 436 U.S. at 694; Taylor, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

Plaintiff has alleged no facts to support that Clark enacted or enforced a policy, custom, or practice that resulted in the denial of Plaintiff's civil rights. Further, Plaintiff has not alleged facts to support that Clark directly violated his constitutional rights or that he was aware that Plaintiff's rights were being violated but failed to act. Plaintiff therefore fails to state a claim against Clark.

### C. Cummings

Plaintiff also sues Officer Cummings. Plaintiff fails to allege any facts to support that Cummings used any force against Plaintiff. Nor has Plaintiff alleged facts to support that Cummings had any involvement in the allegedly excessive use of force or that he failed to protect Plaintiff from threats to his safety. Accordingly, Plaintiff fails to state a claim against Cummings.

## IV. Claims for Which an Answer Will be Required

Plaintiff sufficiently alleges facts to state a claim for excessive force against Galindo and Wilson. These Defendants will be required to respond to this portion of the Complaint.

## V. Warnings

### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to

1 comply with any order of the Court).

2 **IT IS ORDERED:**

3     (1)    Plaintiff's claim for failure to protect/threats to safety and Defendants Clark
4 and Cummings are **dismissed** without prejudice.

5     (2)    Defendants Galindo and Wilson must answer Plaintiff's claim for excessive
6 use of force.

7     (3)    The Clerk of Court must send Plaintiff a service packet including the
8 Complaint (doc.# 1), this Order, a Notice of Submission of Documents form, an instruction
9 sheet, and copies of summons and USM-285 forms for Defendants Galindo and Wilson.

10     (4)    Within **30 days** of the date of filing of this Order, Plaintiff must complete and
11 return to the Clerk of Court the Notice of Submission of Documents.  Plaintiff must submit
12 with the Notice of Submission of Documents: a copy of the Complaint for each Defendant,
13 a copy of this Order for each Defendant, a completed summons for each Defendant, and a
14 completed USM-285 for each Defendant.

15     (5)    Plaintiff must not attempt service on Defendants and must not request waiver
16 of service. Once the Clerk of Court has received the Notice of Submission of Documents and
17 the required documents, the Court will direct the United States Marshal to seek waiver of
18 service from each Defendant or serve each Defendant.

19     (6)    **If Plaintiff fails to return the Notice of Submission of Documents and the**
20 **required documents within 30 days of the date of filing of this Order, the Clerk of Court**
21 **must, without further notice, enter a judgment of dismissal of this action without**
22 **prejudice.** See **Fed. R. Civ. P. 41(b).**

23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

(7)   The Clerk of Court must note on the docket for this case that Clark and Cummings have been terminated as Defendants.

DATED this 6th day of February, 2009.

James A. Teilborg
United States District Judge